IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN D. CUMMINGS,              )
                               )
          Plaintiff,           )
                               )
     v.                        )         1:15CV545
                               )
CATHY POWELL, et al.,          )
                               )
          Defendants.          )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed IFP (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2).[1] The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of his federal cause(s) of action for failure to state a claim and seeking monetary relief from an immune defendant; additionally, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

---

[1] Although Plaintiff has filed numerous Supplemental Complaints (see Docket Entries 20, 22, 23, 24, 27, 34), he has not yet obtained the required permission to make such filings, see Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . . ." (emphasis added)). Therefore, this Memorandum Opinion only addresses Plaintiff's original Complaint - the operative complaint - to determine whether it violates 28 U.S.C. § 1915(e)(2)(B). It appears, however, that Plaintiff's supplemental filings also suffer from serious defects, including the fact that they would not qualify for joinder with his instant Complaint, otherwise properly invoke this Court's subject-matter jurisdiction, and/or state a viable claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[2]

Dismissal for seeking monetary relief against an immune defendant generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under the Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some

---

[2] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

## ANALYSIS

Plaintiff's Complaint stems from allegations regarding a real estate transaction. (See Docket Entry 2 at 2 ("FRAUD OF DEFENDANTS IN THE PURCHASE OF REALTY").) The Complaint alleges that Plaintiff attempted to purchase a piece of realty from Defendant Shumate and that Defendant Shumate impermissibly altered the contract terms. (Id.) Further, Plaintiff's Complaint alleges that Defendant Morse initiated an action to have Plaintiff evicted from the realty and that Defendant Judge Long wrongfully denied Plaintiff's injunction to prevent such eviction. (Id.) The Complaint does not clearly identify the nature or legal basis for any claims against Defendants. (See id. at 1-4.) Liberally construing Plaintiff's Complaint, the undersigned understands Plaintiff to raise a 42 U.S.C. § 1983 claim against Defendant Judge Long and various state-law claims against the remaining Defendants.[3] The Court should

---

[3] To the extent Plaintiff attempts to state a Section 1983 claim against Defendants Powell, White, Deanna and Scott Lilly, John Does 2014-2015 Finance Committee, Sam Page, Nancy Vaughn, City of Greensboro, and Bruce Pierce, the Complaint fails to make any factual allegations against them. (See Docket Entry 2 at 2-4.) Accordingly, the Court should dismiss any Section 1983 claim against these Defendants for failure to state a claim. In addition, to the extent the Complaint attempts to assert a Section 1983 claim against Defendants Cross Point Church of Greensboro, Morse, Shumate, and the Brooks Pierce Law Firm, the Complaint does not allege facts that would tend to establish that these Defendants qualify as state actors (see id.); thus, the Court should dismiss any Section 1983 claim against these Defendants on that ground, see

4

dismiss Plaintiff's Section 1983 claim against Defendant Judge Long for seeking monetary relief from an immune defendant and should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

As to Plaintiff's Section 1983 claim against Defendant Judge Long, the Court should dismiss for seeking monetary relief from an immune defendant. "Judges performing <u>judicial acts</u> within their jurisdiction are entitled to absolute immunity from civil liability claims." <u>In re Mills</u>, 287 F. App'x. 273, 279 (4th Cir. 2008) (emphasis added). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991). To determine whether an action constitutes a "judicial act" protected by judicial immunity, the Court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." <u>King v. Myers</u>, 973 F.2d 354, 357 (4th Cir. 1992). Here, Plaintiff alleges that Defendant Judge Long denied Plaintiff's injunction to stop his eviction. (Docket Entry 2 at 2.) Ruling on a motion constitutes the quintessential judicial act to which judicial immunity applies. Accordingly, the Court should dismiss Plaintiff's Section 1983 claim against Defendant Judge Long.

---

<u>Mentavlos v. Anderson</u>, 249 F.3d 301, 310 (4th Cir. 2001) (requiring state action for a Section 1983 claim).

5

As to Plaintiff's remaining state-law claims, the Court should decline to exercise supplemental jurisdiction.[4] Federal courts may exercise jurisdiction over certain state-law claims - even after the original basis for federal subject matter jurisdiction disappears; however, a court need not retain supplemental jurisdiction. See 28 U.S.C. § 1367(c); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). In deciding whether to retain jurisdiction, courts have considered various factors, including: the convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. See Shanaghan, 58 F.3d at 110.

In reviewing the factors, declining supplemental jurisdiction represents the best course of action in this case. In particular, upon the dismissal of all federal-law claims in the early stages of the litigation, declining supplemental jurisdiction best promotes the values of economy, convenience, fairness, and comity. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)

---

[4] Plaintiff has made no showing that diversity jurisdiction applies to these state-law claims. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (requiring the party asserting jurisdiction to establish it). Accordingly, it appears that only supplemental jurisdiction could serve as the basis for subject matter jurisdiction. See 28 U.S.C. § 1367.

("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims."). Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed IFP (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that the Court dismiss Plaintiff's Section 1983 claim under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for seeking relief from an immune defendant; in addition, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 13, 2015